UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANA TAVAREZ,

                    Plaintiff,

      -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                  Defendant.
--------------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-2784(FB)

*Appearances:*
*For the Plaintiff:*
CHARLES E. BINDER, ESQ.
Law Offices of Harry J. Binder and
Charles E. Binder, P.C.
60 East 42nd Street, Suite 520
New York, NY 10165

*For the Defendant:*
LORETTA E. LYNCH, ESQ.
United States Attorney
CANDACE SCOTT APPLETON, ESQ.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Plaintiff Ana Tavarez seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for benefits under the Social Security Act (the "Act"). Both parties move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the Commissioner's decision is affirmed; accordingly, the Commissioner's motion is granted and Tavarez's complaint is dismissed.

## I

Tavarez claims that she suffers from a variety of impairments, including lower back problems, hyperthyroid, high cholesterol, frozen right shoulder, and a heart condition.

She first applied for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI) on April 24, 2008, alleging a disability onset date of January 31, 2003. The SSI application was approved because Tavarez became disabled with a back disorder beginning on April 1, 2008. The application for DIB was denied because Tavarez was not disabled through September 30, 2004, her date last insured.[1] She did not appeal the denial of DIB. Tavarez filed another application for DIB on October 10, 2008, alleging disability beginning on January 13, 2000. After that application was denied, she requested a hearing before an Administrative Law Judge ("ALJ").

As an initial matter, the ALJ determined that Tavarez was insured through September 30, 2004. To be entitled to DIB, a claimant must establish that she became disabled while she had insured status. *See* 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1). The ALJ next began to apply the familiar five-step process, and first found that Tavarez had not engaged in substantial gainful activity between January 13, 2000 and September 20, 2004. Second, the ALJ found that "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." A.R. at 463. Specifically, the ALJ stated that there "is no supporting documentation in the record that even remotely indicates that [Tavarez] was physically incapacitated as of January 13, 2000 the alleged onset date or at any time up to September 30, 2004 the date last insured. All of the medical records support an onset date in 2008 or 2009." A.R. at 468-69. Accordingly, the ALJ found that Tavarez did not

---

[1] In order to receive DIB, a claimant must show that she became disabled during a period when she was insured; in contrast, there is no insurance requirement for SSI benefits. *See* 42 U.S.C. §§ 1381a, 1382(a).

have a disability between her alleged onset date and her date last insured.  Because the ALJ

determined at step two that Tavarez was not disabled, he did not proceed to the remaining

three steps.

On September 29, 2009, the ALJ issued his decision concluding that Tavarez

was not disabled within the meaning of the Act prior to her date last insured.  On April 27,

2011, the Appeals Council denied her request for review.  On June 2, 2011, the Appeals

Council set aside the April 27 action to consider new evidence submitted by Tavarez; after

considering this additional information, the Appeals Council again denied the request for

review, rendering the Commissioner's decision to deny benefits final.  Tavarez timely sought

judicial review.

## II

"In reviewing the final decision of the Commissioner, a district court must

determine whether the correct legal standards were applied and whether substantial

evidence supports the decision."  *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The claimant bears the burden of

proof on the first four steps of the five-step disability inquiry, while the Social Security

Administration bears the burden on the last step. *See Green-Younger v. Barnhart*, 335 F.3d 99,

105 (2d Cir. 2003).

Tavarez challenges the Commissioner's decision on the following grounds: (1)

that the 2008 SSI award mandates a finding that Tavarez is also entitled to DIB; (2) that the

ALJ failed to develop the record; and (3) that the Appeals Council failed to consider new and material evidence.

**A. SSI Award**

Tavarez first argues that because the definition of "disability" for the purposes of SSI and DIB is identical, and her 2008 SSI application was approved with an onset date of January 21, 2003, the outcome of her SSI application mandates an approval of the current DIB claim. The Commissioner counters that the approved onset date for the SSI benefits was actually April 1, 2008. The Disability Determination form pertaining to Tavarez's SSI application supports the 2008 onset date. *See* Decl. of Bryant Wilder, Ex. B. Thus, the challenged ALJ decision, which states that the record supports a 2008 or 2009 onset date, is in fact consistent with the terms of the earlier SSI decision.

Both requiring that a claimant be disabled, DIB and SSI utilize the same definition of "disability" – that the claimant is unable " to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Although the programs are substantively identical, however, in practice DIB requires that a claimant show that she became disabled during a period when she was insured; SSI has no such requirement. *See* 42 U.S.C. §§ 1381a, 1382(a).

The DIB and SSI programs provide different types of benefits: "Whereas [DIB] establishes an insurance program available to all contributors, SSI is a need-based program available to claimants whose income and resources fall below a minimum subsistence level."

*Pappas v. Bowen,* 863 F.2d 227, 228 (2d Cir. 1988).  As an insurance program, DIB requires that

a claimant have coverage at the time the claimant becomes disabled.  *See Arnone v. Bowen*,

882 F.2d 34, 35 (2d Cir. 1989) ("To be eligible for disability insurance benefits, an applicant

must be 'insured for disability insurance benefits.'" (quoting 42 U.S.C. § 423(1)(A))).  As a

need-based program, SSI does not require contributions in exchange for coverage.  *See*

*Pappas*, 863 F.2d at 228.

Even if Tavarez were correct about the onset date for her SSI benefits, she has

not cited any cases in support of her argument that an SSI determination could "mandate"

a consistent DIB finding.  Accordingly, the SSI determination has no bearing on the validity

of the Commissioner's decision for Tavarez's DIB application.

**B. Development of the Record**

Next, Tavarez argues that the ALJ had an obligation to seek additional medical

documentation for the period from January 13, 2000 through September 30, 2004.

Specifically, she argues that the ALJ did not ask questions at the hearing about Tavarez's

pre-2004 impairments or seek out additional medical documents, and that because of the

ALJ's failure, "the record reviewed by the ALJ did not contain any medical records for the

period prior to" the date last insured.  Pl's Mem. of Law at 20.

It is true that because "Social Security disability determinations are

investigatory, or inquisitorial, rather than adversarial," the "duty of the ALJ, unlike that of

a judge at trial, is to "investigate and develop the facts and develop the arguments both for

and against the granting of benefits." *Vincent v. Comm'r of Social Sec.*, 651 F.3d 299, 205 (2d

Cir. 2011) (internal quotation marks omitted).  It is also true, however, that the claimant has

the initial burden to demonstrate the existence of a disabling condition by "furnish[ing] medical and other evidence that [the Commissioner] can use to reach conclusions about [the claimant's] medical impairment(s)." 20 C.F.R. § 416.912(a); *see Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). The claimant also bears the burden, when contending that the ALJ failed to develop the record, to show that the missing evidence was significant and harmful to her claim. *See Shinseki v.* Sanders, 129 S. Ct. 1696, 1706 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); *Pratts v. Chater*, 94 F.3d 34, 37-38 (2d Cir. 1996) (the record upon which the ALJ relied was "significantly compromised" by the failure to develop the record).

Tavarez did not meet her burden of showing that she suffered from severe medical impairments prior to her date last insured. Tavarez did not bring pre-2004 medical evidence to the ALJ's attention and did not provide any information about physicians who treated her during the relevant period. At her hearing, she told the ALJ that she first experienced shoulder pain in 2008 and that she had an MRI of her lower back in 2007; she also attributed her leaving work in 1999 to a decision to care for her young child, not to health problems. She did not mention that she suffered from severe back pain or shoulder pain prior to 2004. She did, however, submit voluminous medical records showing that she began to suffer from these medical conditions around 2008. An ALJ must fill in gaps in the treatment record, but he is not obligated to make a claimant's case for her or guess at what conditions she may suffer from, in the absence of any foundational evidence that demonstrates potential gaps in the record. "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the

6

ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (internal quotation marks omitted).

Nor has Tavarez met her burden to show that the ALJ's failure to seek out such evidence compromised her claim. Tavarez refers abstractly to the fact that the ALJ did not ask questions about her pre-2004 treatment, and that the record lacked medical evidence for the relevant period, but does not say what such questions would have revealed, or what missing records the ALJ should have tracked down, if such records even exist. *See Gonzalez ex rel. Guzman v. Sec. of U.S. Dep't of Health & Human Serv.*, 360 Fed. Appx. 240, 245 n.4 (2d Cir. 2010) ("[I]t is, in the first instance, the claimant's burden to provide adequate medical evidence. Moreover, plaintiff here has failed to identify what records are missing and how they would affect [the] case. Accordingly, we do not find any infirmity in the ALJ's development of the record.

## C. Appeals Council

Finally, Tavarez contends that the Appeals Council failed to consider new and material evidence. The Appeals Council, in denying Tavarez's request for review, stated that it "considered the reasons [she] disagree[d] with the [ALJ] decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the [ALJ] decision." A.R. at 2. In particular, the Appeals Council determined that the new evidence related to a time after Tavarez's date last insured, and so did "not affect the decision about whether [she was] disabled at the time [she was] last insured for disability benefits." *Id.*

"Social Security regulations expressly authorize a claimant to submit new and

7

material evidence to the Appeals Council when requesting review of an ALJ's decision.  If the new evidence relates to a period before the ALJ's decision, the Appeals Council shall evaluate the entire record including the new and material evidence submitted. . . [and] then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996) (internal citations and quotation marks omitted).  New evidence warrants remand when that evidence is "material," meaning that (1) it is "relevant to the claimant's condition during the time period for which benefits were denied," (2) it is "probative," and (3) there is "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (internal quotation marks omitted).

As the Appeals Council noted, the majority of the new evidence Tavarez submitted related to her condition after her 2004 date last insured, and therefore is not relevant to her claim.  The Appeals Council decision also shows that it considered evidence from Dr. Donald McNicol, Tavarez's treating internist, dated August 31, 2001 through March 23, 2006. The doctor's notes from McNicol do not contain any objective medical evidence or laboratory tests.  Those records contain only one mention of Tavarez suffering from back pain and receiving a prescription for painkillers during the relevant period, in August 2001. This passing, one-time reference does not support Tavarez's claim that she suffered from chronic lower back problems.  Thus, there is not a reasonable possibility that these medical records would have influenced the ALJ's decision.  Similarly, a 2009 letter from McNicol, opining that Tavarez suffered from chronic back pain "sufficiently severe to render her

disabled from" 2000 through 2007, cannot justify remand.  A.R. at 338.  That opinion is inconsistent with all of the available medical evidence, which overwhelmingly shows that Tavarez did not suffer from a debilitating back condition until around 2008.  McNicol's unsupported opinion, without more, would not countermand the ALJ's findings.  *See Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("A treating physician's statement that the claimant is disabled cannot itself be determinative.").

Accordingly, the contents of this new evidence would not have influenced the ALJ to decide Tavarez's application differently, and the Appeals Council properly decided that a remand for reconsideration was not necessary.

### III

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is granted, the final decision to deny benefits under the Act is affirmed, and Tavarez's complaint is dismissed.

**SO ORDERED.**                          s/ Judge Frederic Block

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 11, 2012